

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-163

|  |  |
|---|---|
| GARY HOWARD, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ODIS HOWARD, DECEASED<br><br>APPELLANT<br><br>V.<br><br>LAUREN ADAMS, DON BRADY, TODD MAZZANTI, AND BRADY & JACKSON, PLLC<br><br>APPELLEES | Opinion Delivered:  February 10, 2016<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. P2003-461-5]<br><br>HONORABLE XOLLIE DUNCAN, JUDGE<br><br>SUPPLEMENTATION OF THE RECORD AND ADDENDUM ORDERED |

## LARRY D. VAUGHT, Judge

Appellant Gary Howard appeals from two orders of the Benton County Circuit Court. Because one of the orders is not contained in the record, we direct appellant to supplement the record and his addendum.

The facts in brief are as follows. Appellee Lauren Adams performed legal services for appellant that involved recovering forty-six acres from a family trust. The property had belonged to appellant's late father, Odis Howard. Adams successfully recovered the forty-six acres, and the property became an asset of Odis Howard's estate, of which appellant was the sole beneficiary.

Thereafter, appellant disputed Adams's entitlement to her one-third contingency fee. As a result, Adams filed a claim against the Odis Howard estate for one-third of the value of the forty-six acres, and an attorney-fee lien for one-third of the proceeds derived from the

sale of the property. Litigation over Adams's entitlement to the fees has continued for several years, and our court has heard three previous appeals in the matter.[1]

Following the most recent appeal, Adams moved to foreclose her attorney-fee lien via a sale of the forty-six acres. On November 20, 2014, the circuit court entered a foreclosure decree, directing that the property be sold at public auction. On December 16, 2014, the court entered a separate order denying appellant's petition to partition the forty-six acres between the estate and Adams. Appellant filed notices of appeal from both orders and argues that both rulings were erroneous. However, the December 16, 2014 order is not in the record or in appellant's addendum.

An order from which an appeal is taken is an essential part of the record on appeal. *See* Ark. Sup. Ct. R. 3-1(n) (2015); Ark. Sup. Ct. R. 3-2(a) (2015). If anything material to either party is omitted from the record by error or accident, or is misstated therein, we may, on our own initiative, direct that the omission be corrected and that a supplemental record be certified and transmitted. Ark. R. App. P.−Civ. 6(e) (2015). In this case, it appears that the December 16, 2014 order was mistakenly omitted from the record. We therefore direct appellant to file a supplemental, certified record containing the December 16, 2014 order. The supplemental record must be filed in our clerk's office within fifteen days from today's date.

We also order appellant to supplement his addendum to include the December 16, 2014 order. *See* Ark. Sup. Ct. R. 4-2(a)(8)(A)(i) (2015) (providing that the addendum must include the order from which the appeal is taken). The supplemental addendum is due no

---

[1] *Adams v. Howard*, 2014 Ark. App. 328, 436 S.W.3d 473; *Howard v. Adams*, 2012 Ark. App. 562, 424 S.W.3d 337; and *Howard v. Adams*, 2009 Ark. App. 621, 332 S.W.3d 24.

later than seven days after the supplemental record has been filed. Ark. Sup. Ct. R. 4-2(b)(4) (2015).

Supplementation of the record and addendum ordered.

HARRISON and HIXSON, JJ., agree.

*Harry McDermott*, for appellant.

*Tamra Cochran, P.A.*, by: *Tamra Cochran*, for appellees.